AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and CRAIG RUTZ, Relator,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF RIVER FOREST, a Municipal Corporation,<br><br>Defendant. | No. 04 C 8146<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff and Relator Craig Rutz have brought a claim on behalf of the United States under the False Claims Act (the "FCA"), 31 U.S.C. §§ 3729-33, alleging that the Defendant, the Village of River Forest ("River Forest"), improperly submitted a claim for government funds and then improperly retained those funds. River Forest has moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a cause of action by pleading fraud with particularity. For the reasons stated below, the motion is granted in part and denied in part.

**Facts**

Craig Rutz is a Lieutenant in the River Forest Police Department. In June of 2000, he submitted an application for the Federal Local Law Enforcement Block Grant Program (the "LLEBG") to the Cook County Judicial Advisory Committee (the "JAC") on behalf of the Police Department. Specifically, Rutz applied for a Balanced Approach to Drug and Gang Elimination ("BADGE") grant. These BADGE grants are dispersed from the LLEBG funds which are under the JAC's control and supervision, so the applications must be approved by the JAC. Under the

terms of the BADGE grant, the funds must be utilized for their stated purpose and any funds not used must be returned.

One of the programs mentioned and budgeted into the grant application was for a tactical unit designed to employ officers on an overtime basis in pursuit of crime prevention and drug, alcohol and gang suppression. That program by itself accounted for approximately half of the overall requested grant amount. The JAC approved the grant application. Later, in June of 2001, the JAC then asked the Chief of Police to submit an evaluation study of the programs. Before the Chief submitted that evaluation, Rutz, as project manager for the BADGE program, informed him that it contained misleading statistics which incorrectly implied that the tactical unit program had already been implemented. In fact, the tactical unit had not been established. Despite Rutz's objections, the evaluation was submitted with the incorrect information. Rutz has now filed suit on behalf of the government under the False Claim Act (the "FCA") for violations of 31 U.S.C. § 3729(a)(1), (2) & (7), in order to reclaim the money intended for the tactical unit program. River Forest has responded with a motion to dismiss the case under Rules 12(b)(1), 12(b)(6), and 9(b).

**The False Claims Act**

The FCA, 31 U.S.C. §§ 3729-33, allows the federal government to impose civil sanctions on any person or entity that presents a false claim for payment from certain government funds. The statute also allows private individuals to file a complaint, in place of the government, and in return the individual is allowed to share in a percentage of any money that is reclaimed. 31 U.S.C. § 3730(b). Once an individual files on its behalf, the Government is allowed to either

intervene in the case or maintain a supervisory role, allowing the Relator to assume responsibility and continue its prosecution. *Id.* Although the United States has not formally moved to intervene in this case, it has filed an *amicus* brief opposing the motion to dismiss.

**Subject Matter Jurisdiction**

Defendant first argues that I do not have subject matter jurisdiction to hear this case, because Rutz has not properly alleged the violation of a federal statute. Although this part was filed as a motion to dismiss based on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it is actually a motion to dismiss for failure to state a cause of action, under Fed. R. Civ. P. 12(b)(6). I have jurisdiction over this subject matter, because Rutz has alleged violations of a federal statute, 31 U.S.C. § 3729, and he has standing to bring the case under 31 U.S.C. § 3730(b). River Forest incorrectly cites *U.S. ex rel. Mathews v. Bank of Farmington*, 166 F.3d 853 (7th Cir. 1999), in support of its 12(b)(1) motion. However, *Mathews* dealt specifically with the portion of the FCA requiring the Relator to have personal knowledge of the events, which the Seventh Circuit has decided is a jurisdictional bar to an FCA claim. *See id.* at 859. Additionally, although River Forest relies on *U.S. ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488 (D.C. Cir. 2004), to dismiss for lack of subject matter jurisdiction, in that case the complaint was actually dismissed for failure to state a cause of action. *See U.S. ex rel. Totten v. Bombardier Corp.*, No. 98-657, 2003 U.S. Dist. LEXIS 25970, at *3-4 (D.D.C. 2003); *see also U.S. ex rel. Atkins v. McInteer*, 345 F. Supp. 2d 1302, 1305 (N.D. Ala. 2004). Therefore, I will treat this solely as a motion to dismiss for failure to state a cause of action under Rule 12(b)(6).

**River Forest's Motion to Dismiss**

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant River Forest's motion only if Rutz cannot prove any set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Rutz's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may only grant River Forest's motion if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**The FCA Presentment Requirement**

River Forest claims that Rutz has not alleged that a false claim was presented to an officer or employee of the federal government. The claims were only presented to the JAC, and the JAC is not the Government. Therefore River Forest claims there is no cause of action. It relies on *Totten* to support this argument. In *Totten*, the Relator sued two companies, claiming that by submitting fraudulent claims to Amtrak they had violated the FCA, since Amtrak receives part of its funds from a federal subsidy. 380 F.3d at 492. The D.C. Circuit upheld the dismissal of the case, ruling that the false claims were never actually presented to the Government, as required by the statute, and also were not even "effectively presented" as the Relator claimed. *Totten*, 380 F.3d at 493. Since the claims were only presented to Amtrak, and Amtrak is not the Government, the statute did not apply. *Id.* at 502.

4

Contrary to River Forest's claims, *Totten* "does not appear to stand for the proposition that claims must be presented by the alleged tortfeasor *directly* to the federal government in order to be actionable under the FCA." *U.S. ex rel. Tyson v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 U.S. Dist. LEXIS 24032, at *5 (N.D. Ill. Oct. 17, 2005) (emphasis in original). Indeed, the language of the statute itself states that the person must only knowingly *cause* the false claim to be presented to the government, or knowingly *cause* the false statement to be made or used. 31 U.S.C. § 2729(a)(1), (2) & (7). In *Totten*, the court found that since Amtrak was not the government, and the claims were never presented to the government at all, the statute could not be satisfied. This finding was based primarily on both statutory reasons relevant only to Amtrak, as well as the specific factual circumstances concerning Amtrak's receipt of the subsidy. *See* 49 U.S.C. § 24301(a)(3); *Totten*, 380 F.3d at 491-92. **Other methods of federal funding and control may lead to a different result.** *See, e.g.*, *Tyson*, 2005 LEXIS 24032, at *6-7 (allowing an FCA suit because of "the substantial role played by the federal government in its funding and enforcement of Medicare"). As a result, *Totten* may not apply to the present case.

Additionally, the FCA defines a "claim" for the purposes of that section.

> "[C]laim" includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient . . . .

31 U.S.C. § 3729(c). Rutz has already pleaded facts stating that the Government provides the funds to JAC. More information, which shows that the JAC does not present claims to the U.S. Government, would be necessary in order to dismiss this case on those grounds. Accepting all facts in the complaint as true and drawing reasonable inferences in Rutz's favor, it is possible to

5

show that the JAC was required to ultimately present the claims made by River Forest to the Government, thus fulfilling the statutes's requirements.

**Participant in the Fraudulent Claims**

Next, River Forest also claims that, "Plaintiff cannot allege that the LLEBG application was false because Plaintiff not only prepared the LLEBG application, but submitted it to the JAC as well." River Forest offers no case law in support of this statement, and does not explain why Rutz's involvement would shield River Forest from liability. The FCA does not prevent a person that has played some role in the fraud from bringing suit to remedy the situation. In some cases, Rutz's involvement or knowledge of the events would actually be required in order for him to file the suit. *See, e.g.*, 31 U.S.C. § 3730(e) (requiring the relator to be an "original source" with direct and independent knowledge); *U.S. ex rel. Mathews v. Bank of Farmington*, 166 F.3d 853 (7th Cir. 1999). In addition, the statute allows the Court to reduce the amount payable to the Relator, rather than dismissing the case, when the claim was brought by a person that planned and initiated the fraudulent action. *See* 31 U.S.C. § 2730(d). Rutz's involvement is irrelevant to River Forest's liability, particularly since he alleges that he informed his superior of inaccuracies.

**Failure to Plead Fraud with Specificity**

Finally, River Forest also moves to dismiss the case under Fed. R. Civ. P. 9(b), arguing that Rutz has not alleged facts sufficient to state a cause of action because he has not pleaded enough facts constituting a fraud with particularity. Rule 9(b) applies to complaints brought under the False Claims Act and requires that the plaintiff allege the "who, what, when, where and

how" of the fraud that was committed. *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003). Specifically, Rutz must allege that the River Forest made some representation while "knowing at the time that the representation was false (or not intending to perform). . . ." *Id.* at 378.

In order to properly allege a violation in Count I, Rutz must plead facts which show that River Forest "knowingly [presented, or caused] to be presented to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval . . . ." 31 U.S.C. § 3729(a)(1). The only claim for payment or approval described in the complaint is in River Forest's initial application for the BADGE grant. Rutz does fulfill his burden of showing the "who, what, when, where and how" of the circumstances surrounding the application. However, at no point does he allege that River Forest knowingly made false representations in that application. A simple failure to satisfy the goals and obligations in the application is not considered fraud. *See Garst*, 328 F.3d at 378. Without these proper allegations, Count I does not allege a cause of action.

Count II of the complaint alleges that River Forest "knowingly [made, used, or caused] to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2). This count suffers from the same lack of allegations as Count I. Although Rutz has described the facts of the situation sufficiently, he has not alleged that any false record or statement was knowingly made or used by River Forest while making a claim to the JAC for the grant. Therefore, Count II also does not allege a cause of action.

Finally, Count III of the complaint alleges a violation of the FCA under section 3729(a)(7). In order to properly state a cause of action under this section, Rutz must plead facts

that show River Forest "knowingly [made, used, or caused] to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7). Unlike Counts I and II, this count could also apply to the evaluation that River Forest submitted to the JAC in 2001. Accepting all facts pleaded in the complaint as true, Rutz has established that River Forest had an obligation to return any unused funds from the BADGE grant to the JAC. He has also pleaded facts establishing that the evaluation submitted to the JAC contained false information and that the Chief of Police knew about that false information but submitted it anyway. It is possible for Rutz to show that River Forest submitted the evaluation in order to avoid the obligation to repay money. Therefore, Rutz has properly alleged a cause of action under section 3729(a)(7).

Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED. Defendant's Motion to Dismiss for failure to state a cause of action and plead facts with particularity is GRANTED in part and DENIED in part.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 28, 2005